ON APPLICATION FOR REHEARING
PER CURIAM.
Plaintiffs apply for a rehearing on their assertion that a certain fact established by the record and discussed in our original opinion is not correct. They assert that their pickup truck is a 1974 model, Mr. Mauterer’s testimony that it is a 1984 model notwithstanding. Plaintiffs, therefore, desire a rehearing because our original opinion noted that they did not own the truck when they entered into the contract with defendant.
First, our original opinion is based on and supported by the record, as it should be, and on the record it is not in error. Whether the garage should accommodate the truck is an issue raised and argued in the district court and in this court without mention of any apparent factual error.
Second, the vintage of the truck is immaterial to our holding on the law, it has no legal significance. Plaintiffs contracted with defendant to construct a house and garage according to certain written plans and specifications. The written plans and specifications contained in the record make no mention of the garage accommodating a pickup truck with a camper top.
Plaintiffs argue that defendant was aware that they would want to put the truck into the garage. Accepting this as true, defendant’s awareness does not translate into a provision of the written plans and specifications. If plaintiffs wanted a garage that would accommodate their truck with attached camper top, they should have included that provision in the plans and specifications to which they agreed
The result of our original opinion gives plaintiffs a garage built to the plans and. specifications to which they agreed. We find no reason to modify that result. Accordingly, we deny plaintiffs’ application for rehearing.